Norman **MASTRIAN** and Earl Guy on behalf of themselves and others similarly situated, Appellants,

v.

Kenneth F. **SCHOEN,** former Commissioner, Minnesota Department of Corrections; Jack G. Young, Commissioner, Minnesota Department of Corrections; Howard J. Costello, Assistant Commissioner, Policy and Planning, Minnesota Department of Corrections; Orville B. Pung, Assistant Commissioner, Department of Corrections, Appellees.

No. 83–1792.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 16, 1983.

Decided Jan. 25, 1984.

Robert J. Sorensen and Deborah Ellis, Thomson & Hawkins, St. Paul, Minn., for appellants.

Hubert H. Humphrey, III, Atty. Gen. of Minn., Richard L. Varco, Jr., Sp. Asst. Atty. Gen., St. Paul, Minn., for appellees Kenneth F. Schoen, Jack G. Young, Howard J. Costello and Orville B. Pung.

Before HEANEY, ROSS and FAGG, Circuit Judges.

PER CURIAM.

Norman Mastrian and Earl Guy appeal the district court's[1] grant of summary judgment to officials of the Minnesota Department of Corrections. The appellants sued under 42 U.S.C. §§ 1983, 1985 & 1988, and the common law of conversion, alleging that an experimental "chargeback" program instituted at the Minnesota Correctional Facility at Lino Lakes, where they were prisoners, violated the equal protection and due process clauses. They appeal only that portion of the order disposing of their equal protection claim. We affirm.

In September, 1976, Minnesota corrections officials instituted an experimental program in the prison industry at Lino Lakes. The primary goal of the program was to better prepare inmates for the employment experiences they would encounter upon release by simulating the work environment outside the prison.[2] The program's originators sought to duplicate the standard eight-hour work day and its emphasis on a production-based wage. Participating inmates were to receive wages approximating the federal minimum wage. The prison assessed a "chargeback" for room and board based on the inmate's level of income. Corrections officials instituted a similar program at the correctional facility in Shakopee in July, 1977. The entire program was discontinued in August, 1980.

The appellants claim a denial of equal protection because they were subject to a chargeback, and other prisoners in the state system were not. They maintain the district court erred in granting summary judgment to the corrections officials when the rationality of instituting such a program in selected facilities is a matter of genuine dispute. Although we note that prison administrators generally should be able to institute experimental programs that do not involve the entire prison population, we need not address the rationality of this particular program because the appellants have failed to show that it operated to their detriment.

As participants in the experimental program, both appellants had a net pay rate greater than or equal to the net pay rate they received before the program was implemented and after it was terminated. Moreover, the record indicates they received higher net pay than other inmates, both at Lino Lakes and at other facilities, who did not participate in the program. In the pay period prior to the elimination of the chargeback, Guy's net pay was $175.17 for two weeks. Mastrian's net pay was $176.66 for the same period. Service support workers at Lino Lakes were not included in the program because their work did not generate income for the prison system. During the same time period, their biweekly net

1. The Honorable Edward J. Devitt, United States Senior District Court judge for the District of Minnesota.

2. Other reasons for instituting the program include: deflecting criticism from business, citizens, and labor unions regarding the hourly wage being paid to inmates; and returning to the taxpayers part of their investment in inmate custody and care.

pay rate was less than $26.00. Inmates in other prisons apparently made between $.85 and $3.50 per day.[3]

 The mere fact of different treatment is not enough to warrant application of the equal protection clause. Those invoking constitutional protection must show they were discriminated against. *E.g., United States v. Coletta,* 682 F.2d 820, 824 (9th Cir.1982), *cert. denied,* —— U.S. ——, 103 S.Ct. 1187, 75 L.Ed.2d 433 (1983). Because the chargeback program did not discriminate against these particular inmates, we affirm.

---

**3.** The record indicates that the correctional facility at Stillwater has three pilot work programs which have pay rates approaching federal minimum wage. Any differences in net wage rates between the appellants and participants in those pilot programs would not be due to the chargeback.